Peter L. Carr, IV (SBN 256104)
pcarr@thePLClawgroup.com
Na'Shaun L. Neal, (SBN 284280)
nneal@thePLClawgroup.com
Lauren K. McRae, (SBN 331296)
lmcrae@thePLClawgroup.com
PLC LAW GROUP, APC
3756 Santa Rosalia Dr., Suite 326
Los Angeles, CA 90008
Telephone:   (310) 400-5890
Facsimile:    (310) 400-5895
Attorneys for Plaintiffs,
Kyle Jones & Crystal Jones

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE JONES and CRYSTAL JONES,<br><br>            Plaintiffs,<br><br>      vs.<br><br>CITY OF ONTARIO; and DOES 1 through 10 inclusive,<br><br>            Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.      This case concerns City of Ontario Police Department Officers' abuse of power and mistreatment of Plaintiffs. Plaintiffs KYLE JONES and CRYSTAL JONES complain of Defendants CITY OF ONTARIO, and DOES 1 through 10, inclusive, as follows:

## VENUE AND JURISDICTION

2.     Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1334, and arises under 42 U.S.C. §§ 1983 and 1988. State law claims for relief are within this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Venue is proper in this Court because the unlawful acts and practices alleged herein occurred in the County of San Bernardino, California, which is within this judicial district pursuant to 28 U.S.C. § 1391.

## CLAIMS STATUTE REQUIREMENT

3.     On June 26, 2023, Plaintiffs served a timely Governmental Claim for Damages upon the City of Ontario, California. On December 21, 2023, the City of Ontario rejected the aforementioned Claim for Damages.

## PARTIES

4.     At all times in this Complaint, Plaintiff KYLE JONES (hereinafter "Mr. Jones"), was a resident of the State of California in the County of San Bernardino.

5.     Plaintiff CRYSTAL JONES (hereinafter "Ms. Jones"), was a resident of the State of California in the County of San Bernardino.

6.     Defendant CITY OF ONTARIO (hereinafter referred to as "CITY") is, and at all times in this Complaint was, an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting the operation of the ONTARIO POLICE DEPARTMENT (hereinafter referred to as "OPD") and its tactics, methods, practices, customs, and usages.

7.     At all relevant times mentioned herein and material hereto, the Defendant DOE officers described below engaged in law enforcement as police officers, sergeants, captains, lieutenants, and/or civilian employees, agents, and

representatives of Defendant CITY, duly employed as police officers by the OPD, who acted within the course and scope of their employment at all times relevant to the acts and omissions alleged herein.

8.      PLAINTIFFS are informed and believe and thereon allege that each of the Defendants designated as a DOE are intentionally and negligently responsible in some manner for the events and happenings referred to herein, and thereby proximately caused injuries and damages as alleged herein. The true names and capacities of DOES 1 through 10, inclusive, and each of them, are not now known to PLAINTIFFS who, therefore, sue said Defendants by such fictitious names. PLAINTIFFS will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9.      Defendants, and each of them, acted under color of law and did the acts and omissions alleged hereinafter in bad faith and with knowledge that their conduct violated established and commonly understood substantive and procedural law.

## FACTS COMMON TO ALL COUNTS

10.     Mr. Jones is African-American, and Ms. Jones is Hispanic.

11.     On December 28, 2022, Ms. Jones drove to the 7/11 gas station located at 1544 E. 4th St., Ontario, CA 91764. Mr. Jones was a passenger.

12.     After parking, Mr. Jones and Ms. Jones exited the vehicle,

13.     DOE OFFICER 1 aggressively approached Plaintiffs and shouted commands at Mr. Jones, ordering him to get back inside the vehicle.

14.     DOE OFFICER 1 walked towards Mr. Jones and forcefully gripped Mr. Jones' shoulders and neck.

15.     Ms. Jones began recording the incident on her cell phone.

16.     Mr. Jones informed DOE OFFICER 1 that he was a disabled military veteran.

17.     DOE OFFICER 1 wrapped his arm around Mr. Jones' neck and forcefully yanked Mr. Jones' neck and body down towards the ground.

18.     Soon thereafter, DOE OFFICER 2 arrived and joined DOE OFFICER 1 in pushing and pulling Mr. Jones down towards the ground.

19.     Mr. Jones told the officers that he would willingly go to the ground on his own.

20.     DOE OFFICER 2 drew his taser and immediately tased Mr. Jones in his thigh.

21.     As a result of the tasing, Mr. Jones fell to the ground.

22.     DOE OFFICER 1 handcuffed Mr. Jones and DOE OFFICER 2 kneeled on Mr. Jones' upper back and neck area.

23.     DOE OFFICER 1 approached Ms. Jones, instructed her to put her hands behind her back, and placed extremely tight handcuffs on Ms. Jones. Ms. Jones requested DOE OFFICERS to loosen the handcuffs, but the handcuffs were never adequately loosened.

24.     DOE OFFICER 1 confiscated Ms. Jones' Identification Card, which was never returned to her.

25.     Additional officers arrived to the scene.

26.     DOE OFFICERS used rude, inappropriate, and unprofessional language with Mr. Jones, including telling him to "shut the fuck up."

27.     DOES OFFICERS ransacked and towed Ms. Jones' vehicle.

28.     DOE OFFICERS transported Mr. and Ms. Jones to jail, where they remained imprisoned for weeks on false criminal charges.

29.     DOE OFFICERS maliciously initiated baseless criminal charges against Mr. and Ms. Jones in an effort to conceal their misconduct and escape civil liability. On information and belief, DOE OFFICERS made false statements in their police reports.

30.     The criminal charges against Mr. and Ms. Jones were eventually dismissed.

31.     As a direct and proximate result of the subject incident, Mr. and Ms. Jones suffered and continue to suffer extreme emotional distress and severe mental anguish.   Additionally, Ms. Jones suffered physical pain and sustained wrist abrasions from the excessively tight handcuffs. Mr. Jones also suffered physical pain and bodily wounds as a result of the tasing. Mr. and Ms. Jones also suffered lost wages and incurred costs to retrieve Ms. Jones' vehicle due to the incident.

## FIRST CAUSE OF ACTION

### Excessive Force – 42 U.S.C. § 1983

### (Against Defendants DOE OFFICERS)

32.     Plaintiffs incorporate by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

33.     This cause of action arises under Title 42 United States Code § 1983, wherein Plaintiffs seeks to redress deprivation under color of law a privilege or immunity secured under the Fourth Amendment.

34.     As a result of the above-described intentional acts and omissions of the Defendants, collectively and individually, Plaintiffs' Fourth Amendment constitutional right to be free from excessive force, as applied to state actors by the Fourteenth Amendment, was violated when:

   a. DOE OFFICER 1 forcefully gripped Mr. Jones' shoulders and neck;

   b. DOE OFFICER 1 wrapped his arm around Mr. Jones' neck and forcefully yanked Mr. Jones' neck and body down towards the ground;

   c. DOE OFFICERS 1 and 2 forcibly pushed and pulled Mr. Jones down towards the ground;

d.  DOE OFFICER 2 drew his taser and tased Mr. Jones;

e.  DOE OFFICER 2 kneeled on Mr. Jones' upper back and neck area; and

f.  DOE OFFICER 1 placed extremely tight handcuffs on Ms. Jones, which were never adequately loosened upon request.

35.  Defendant Officers lacked probable cause or reasonable suspicion to believe Plaintiffs had committed a crime or were going to commit a crime. Additionally, at no point during any of the aforesaid incidents, did Plaintiffs pose a reasonable threat of violence or danger to the Officers or to any other individual. Plaintiffs made no aggressive movements, furtive actions, or physical movements that would have suggested to any reasonable officers that Plaintiffs had the will or ability to inflict substantial bodily harm against any individual.

36.  Defendant Officers are liable for Plaintiffs' injuries, either because they were integral participants in the excessive force against Plaintiffs, or because they failed to prevent or intercede during these violations.

37.  As a direct and proximate result of the aforementioned unlawful acts of Defendant Officers, Plaintiffs sustained and incurred damages for physical injury and pain, emotional injury and pain, mental anguish and suffering, humiliation, embarrassment, as well as harm to their reputation in the community.

38.  In doing the foregoing wrongful acts, Doe Officers each acted in reckless and callous disregard for Plaintiffs' constitutional rights. Each wrongful act was willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual Defendant in an amount adequate to punish the wrongdoers and deter future similar misconduct.

39.  Accordingly, Defendants are each liable to Plaintiffs for compensatory and punitive damages, under 42 U.S.C. § 1983. Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

## **SECOND CAUSE OF ACTION**

### **Unreasonable Search and Seizure – 42 U.S.C. § 1983**

### **(Against Defendants DOE OFFICERS)**

40.     Plaintiffs incorporate by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

41.     This cause of action arises under Title 42 United States Code § 1983, wherein Plaintiffs seek to redress deprivation under color of law a privilege or immunity secured under the Fourth Amendment.

42.     As a result of the above-described intentional acts and omissions of the Defendants, collectively and individually, Plaintiffs' Fourth Amendment constitutional right to be free from unreasonable searches and seizures, as applied to state actors by the Fourteenth Amendment, was violated when:

      a. Defendant Officers detained Plaintiffs without reasonable suspicion;

      b. Defendant Officers searched and arrested Plaintiffs without a warrant or probable cause; and

      c. Defendant Officers searched and seized Ms. Jones' car without any legal justification.

43.     As a result of Defendants' conduct, Plaintiffs endured loss of liberty, pain and suffering, extreme mental and emotional distress, physical injuries, and other pecuniary losses in an amount not yet ascertained.

44.     Each of the Defendants were both personally involved and an integral participant in the violation of Plaintiffs' constitutional rights, because each officer was aware of unlawful actions of the other officer(s), did not object to these violations of Plaintiffs' rights, and participated in the violations by performing police functions.

45.     The conduct of the Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiffs and therefore warrants the imposition of exemplary and punitive damages against the Defendant Officers, individually.

46.     Accordingly, Defendants are each liable to Plaintiffs for compensatory and punitive damages, under 42 U.S.C. § 1983. Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

## THIRD CAUSE OF ACTION

### Deliberate Fabrication of Evidence – 42 U.S.C. § 1983

### (Against Defendants DOE OFFICERS)

47.     Plaintiffs incorporate by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

48.     Defendants DOES 1 through 10, inclusive, while acting under color of law, deprived Plaintiffs of their civil rights, more particularly their right to be free from deliberate fabrication of evidence.

49.     On information and belief, DOE OFFICERS deliberately fabricated evidence that was used to criminally charge and prosecute Plaintiffs, including submitting false police reports in an effort to conceal their misconduct. After several months, the criminal charges against Plaintiffs were dismissed.

50.     Plaintiffs bring this action under federal law. The constitutional source against deliberate fabrication is primarily the due process clause of the Fourteenth Amendment, and Plaintiffs' due process rights were violated by the conduct alleged herein. Plaintiffs bring this claim as both a procedural and substantive due process violation. To the extent that any court were to conclude that the source of Plaintiffs' right to be free from deliberate fabrication is any constitutional source other than due process (such as the Fourth Amendment or Sixth Amendment right

to a fair trial), this claim is brought on those bases as well.

51.     As a result of Defendant Officers' deliberate fabrication of evidence, Plaintiffs have suffered and continue to suffer severe emotional trauma and extreme mental distress.

52.     The conduct of Defendant Officers was willful, wanton, malicious, and done with an evil motive and intent and a reckless disregard for the rights and safety of Plaintiffs, therefore warranting the imposition of exemplary and punitive damages.

53.     Plaintiffs bring this claim individually and seek general and special damages in an amount to be determined at trial. Plaintiffs also seek reasonable costs and attorneys' fees under 42 U.S.C. § 1988.

**FOURTH CAUSE OF ACTION**

**Malicious Prosecution – 42 U.S.C. § 1983**

**(Against Defendants DOE OFFICERS)**

54.     Plaintiffs incorporate by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

55.     Defendant DOES 1 through 10, inclusive, while acting under color of law, deprived Plaintiffs of their civil rights, more particularly their right to be free from malicious prosecution.

56.     Defendant DOES 1 through 10, inclusive, contributed to, caused, and/or initiated a criminal prosecution against Plaintiffs with malice and/or with the purpose of depriving them of their constitutional rights.

57.     Defendant Officers contributed to, caused, and/or initiated that criminal prosecution without reasonable suspicion or probable cause.

58.     On information and belief, Defendant Officers made false statements in their reports to cover up Defendant Officers' unlawful stop and excessive force.

59.     Plaintiffs were criminally charged based upon Defendant Officers' false

representations regarding the subject incident. The charges against Plaintiffs were eventually dismissed.

60.    Plaintiffs bring this action under federal law. The constitutional source against malicious prosecution is primarily the due process clause of the Fourteenth Amendment, and Plaintiffs' due process rights were violated by the conduct alleged herein. Plaintiffs bring this claim as both a procedural and substantive due process violation. To the extent that any court were to conclude that the source of Plaintiffs' right to be free from malicious prosecution is any constitutional source other than due process (such as the Fourth Amendment or Sixth Amendment right to a fair trial), this claim is brought on those bases as well.

61.    As a result of Defendant Officers' malicious prosecution of Plaintiffs, Mr. and Ms. Jones suffered loss of liberty and harm to their reputation. Plaintiffs have also suffered and continue to suffer severe emotional trauma and extreme mental distress as a result of Defendants' malicious prosecution.

62.    The conduct of Defendant Officers was willful, wanton, malicious, and done with an evil motive and intent and a reckless disregard for the rights and safety of Plaintiffs, and therefore warrants the imposition of exemplary and punitive damages against her.

63.    Plaintiffs bring this claim individually and seeks general and special damages in an amount to be determined at trial. Plaintiffs also seek reasonable costs and attorneys' fees under 42 U.S.C. § 1988.

## FIFTH CAUSE OF ACTION

### First Amendment Retaliation – 42 U.S.C. § 1983

### (Against Defendants DOE OFFICERS)

64.    Plaintiffs incorporate by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

65. This cause of action arises under Title 42 United States Code § 1983, wherein Plaintiffs seek to redress deprivation under color of law a privilege or immunity secured under the First Amendment.

66. All of the acts of Defendants were done under color of state law.

67. The acts of Defendant Doe Officers 1 through 10, inclusive, deprived Plaintiffs of their rights, privileges, and immunities secured by the Constitution and laws of the United States, including but not limited to rights under the First Amendment of the United States Constitution, incorporated and made applicable to the states by the Fourteenth Amendment, by, among other things, retaliating against Plaintiffs for exercising their First Amendment rights.

68. Mr. Jones engaged in constitutionally protected activity when protesting Doe Officers' unlawful commands and conduct. Mr. Jones' protected activity was a substantial and motivating factor in Defendant Does' decision to retaliate by, among other things, using extreme and unnecessary force against Mr. Jones, arresting Mr. Jones without probable cause and initiating/contributing to/causing the malicious prosecution of Mr. Jones.

69. Ms. Jones engaged in constitutionally protected activity when protesting and videorecording Doe Officers 1 and 2's use of brute force against Mr. Jones. Ms. Jones' protected activity was a substantial and motivating factor in Defendants' decision to retaliate by, among other things, arresting Ms. Jones without probable cause and initiating/contributing to/causing the malicious prosecution of Ms. Jones.

70. All of these actions were performed with the intention of chilling Plaintiffs' desire to engage in protected First Amendment activities, including protesting and recording unlawful police activity.

71. As a direct and proximate result of the aforementioned unlawful acts of Defendants, Plaintiffs sustained and incurred damages for mental anguish and

emotional distress.

72.     Each of the Defendants were integral participants in the violation of Plaintiffs' constitutional rights, because they were personally involved or failed to intervene despite having an opportunity to do so.

73.     In doing the foregoing wrongful acts, Defendant Doe Officers 1 through 10, inclusive, each acted with reckless and callous disregard for Plaintiffs' constitutional rights. Each retaliatory act was willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual Defendant in an amount adequate to punish the wrongdoers and deter future similar misconduct.

74.     Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

## SIXTH CAUSE OF ACTION

### Unlawful Custom and Practice – 42 U.S.C. § 1983

### (Against Defendant CITY OF ONTARIO)

75.     Plaintiffs incorporate by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

76.     Defendant CITY OF ONTARIO, is and at all times herein mentioned, has been a public entity and an incorporated municipality duly authorized and existing as such in and under the laws of the State of California and at all times herein mentioned, Defendant CITY possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting the operation of the and its tactics, methods practices, customs, and usages.

77.     At all times herein mentioned, DOES 1-10 were employees acting under the CITY's direction and control, who knowingly and intentionally promulgated, maintained, applied, enforced, and suffered the continuation of policies, customs,

practices, and usages in violation of the First, Fourth and Fourteenth Amendments respectively to the United States Constitution, which customs, policies, practices, and usages at all times herein mentioned required and encouraged the employment, deployment, and retention of persons as peace officers who have demonstrated their brutality, dishonesty, and numerous other serious abuses of their powers as peace officers for the CITY.

78.    The unconstitutional policies, practices, or customs promulgated, sanctioned, or tolerated by Defendant CITY include, but are not limited to:

a.    Defendant CITY had knowledge, prior to and since this incident, of similar allegations of wrongful and unlawful battery, dishonesty and improper tactics, and corruption by employees, including the individual DEFENDANT DOE OFFICERS herein, and refused, with deliberate indifference, to enforce established administrative procedures to ensure public safety, protection of civilians' rights, and the Plaintiff's liberty interests;

b.    Defendant CITY refused to adequately discipline individual employees found to have committed similar acts of dishonesty and misconduct;

c.    Defendant CITY refused to competently and impartially investigate allegations of abuse and misconduct alleged to have been committed by CITY employees;

d.    Defendant CITY reprimanded, threatened, intimidated, demoted, and fired employees who reported acts of abuse by CITY employees;

e.    Defendant CITY covered up acts of misconduct and abuse by CITY employees and sanctioned a code of silence by

and among its officers;

f.     Defendant CITY failed to adequately supervise the actions of employees under its control;

g.     Defendant CITY failed to adequately train its employees on appropriate use of tasers and risks of harm associated therewith;

h.     Defendant CITY tacitly condones and promotes fabricating probable cause and initiating groundless criminal charges for the purpose of insulating CITY employees from civil liability;

i.     Defendant CITY tacitly condones and encourages a conspiracy of silence among its employees for the purpose of concealing and furthering wrongful and illegal conduct;

j.     Defendant CITY tacitly condones and encourages use of excessive force on civilians;

k.     Defendant CITY tacitly condones and encourages its officers to retaliate against civilians' who challenge and/or protest their unlawful activity;

l.     Defendant CITY tacitly condones and encourages its officers to retaliate against civilians' who challenge and/or protest their unlawful activity;

m.     Defendant CITY tacitly condones and encourages subjecting minorities (African-Americans and Hispanics) to racial profiling, discrimination, and harassment;

79.     Defendant CITY fostered and encouraged an atmosphere of lawlessness, abuse, and misconduct, which by December 28, 2022, and thereafter, represented the unconstitutional policies, practices, and customs of the CITY.

80. Defendant CITY's arrest and unlawful use of force against Plaintiffs is a part of practice and pattern of CITY's unlawful mistreatment and criminalization of African-Americans and Hispanics.

81. The defendant DOE OFFICERS participated in the blue wall of silence[1] to cover up their misconduct. Here, on information and belief, Defendant Officers authored false police reports to cover up their excessive force.

82. On information and belief, Defendant DOE OFFICERS' conduct was ratified by policy makers of the CITY.

83. Misconduct similar to that committed by DOE OFFICERS has gone unchecked by the CITY, which has failed to supervise its employees of its police department. Examples of this are reflected in the following incidents:

(a) Richard Donastorg sued the CITY after officers unlawfully ordered him out of his car, entered his vehicle, fired and struck him with pepper balls, broke a window, and sent a K9 unit inside of his vehicle. In 2021, he was awarded $500,000 for the excessive force claims.[2]

(b) In 2019, Matthew Krechmery filed a lawsuit against CITY after an Ontario Police Department Officer struck him with the butt of his gun after Mr. Krechmery had called 911 for help with a break-in occurring at his residence. Mr. Krechmery received a favorable jury verdict and $200,000 in damages.[3]

(c) In 2017, a man who was experiencing a mental health episode was shot by a taser, dying in front of his wife who called 911 for assistance. The County Coroner determined that he had gone into cardiac arrest after the Taser had been deployed. The ensuing legal case eventually settled for $500,000. Taser International, Inc alleged that the CITY of Ontario's Police Department failed

---

[1] "The blue wall of silence perpetuates racist policing, wrongful convictions: What is the blue wall of silence?" *Montana Innocence Project, https://mtinnocenceproject.org/the-blue-wall-of-silence-perpetuates-racist-policing-wrongful-convictions/.*

[2] Brian Rokos, "Man awarded $500,000 for excessive force by Ontario police officer," Daily Bulletin, July 7, 2021.

[3] *Matthew Krechmery v. City of Ontario (2019)*

to properly train officers on the risks of using tasers.[4]

(d) In 2016, a man died in custody. After a traumatic car crash, CITY Police Officers restrained him using excessive force, taking him to the ground, deploying a Taser, tying his legs together, and leaving him prone on the ground for six minutes. The CITY settled the subsequent lawsuit for $2.75 million in 2018.[5]

(e) Between 2016 and 2021, only 3% of civilian complaints against CITY Police Department were ruled in favor of civilians.[6]

84. CITY's failure to train and properly supervise its officers to use objectively reasonable force and make objectively reasonable detentions/arrests were moving forces behind Defendant Officers' retaliatory force and arrest of Plaintiffs for exercising their constitutional rights to protest and record unlawful police activity.

85. CITY's failure to prohibit the use of retaliatory arrests and force were also moving forces behind Defendant Officers' retaliatory arrest and force against Plaintiffs for exercising their constitutional rights to protest and record unlawful police activity.

86. By reason of the CITY's aforesaid policies, customs, practices, and usages, Plaintiffs' First, Fourth, and Fourteenth Amendments to the United States Constitution were violated, causing them to suffer loss of liberty, physical injuries, emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment.

87. Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

## SEVENTH CAUSE OF ACTION

### Negligence – Cal. Govt. Code §§ 815.2(a), 820(a)

### (Against All Defendants)

---

[4] Peter Eisler, et al., "Special Report: A 911 plea for help, a Taser shot, and the toll of stun guns," Reuters, August 23, 2017.
[5] Brian Rokos, "Ontario pays $2.75 million to settle wrongful-death lawsuit," Daily Bulletin, October 4, 2018.
[6] Police Scorecard: Ontario, CA, policescorecard.org, accessed February 15, 2024

88.     Plaintiffs incorporate by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

89.     Plaintiffs are informed and believe and there upon allege that Defendants Doe Officers 1 through 10, inclusive, and each of them, while acting in their individual and official capacities as peace officers, failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to:  (1) negligently detaining/arresting Plaintiffs without reasonable suspicion or probable cause to do so; (2) negligently using excessive and unreasonable physical force upon Mr. Jones, when the same was unnecessary and unjustified; (3) negligently tasing Mr. Jones, when the same was unnecessary and unjustified;  negligently subjecting Ms. Jones to unbearably tight handcuffing; (4) negligently falsifying police reports and fabricating probable cause; (5) negligently retaliating against Plaintiffs for exercising their First Amendment rights; (6) negligently searching Plaintiffs without any legal justification; (7) negligently searching and seizing Ms. Jones' vehicle without any legal justification; (8) negligently hiring and retaining officers with demonstrable propensities for excessive force, violence, dishonesty, and other misconduct; (9) negligently failing to provide adequate training and supervision to officers with respect to constitutional limits on the use of force, searches, and seizures; and (10) negligently ratifying the search and seizure of Plaintiffs.

90.     As a direct and proximate result of Defendants' negligence, Plaintiffs sustained and incurred damages for loss of liberty, physical injury and pain, emotional injury and pain, mental anguish and suffering, humiliation, embarrassment, harm to their reputation in the community, loss of income, and other pecuniary losses resulting from Ms. Jones's car being towed.

91. As a result of their conduct, Defendant DOE Officers 1 through 10, inclusive, are liable for Plaintiffs' injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations.

92. In doing the foregoing wrongful acts, DOE Officers 1-10 each acted with reckless and callous disregard for Plaintiffs' constitutional rights. Each wrongful act was willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual Defendant in an amount adequate to punish the wrongdoers and deter future similar misconduct.

93. Defendant CITY is liable under California Government Code Sections 815.2(a) and 820(a) for Plaintiffs' injuries proximately caused by the negligent acts and omissions of its employees, described above.

## EIGHTH CAUSE OF ACTION

### Battery – Cal. Govt. Code §§ 815.2(a), 820(a)

### (Against All Defendants)

94. Plaintiffs incorporate by reference each and every allegation in the foregoing

paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if

fully set forth herein.

95. Defendant DOES 1 through 10, individually and as peace officers, committed battery on Plaintiffs when:

    a. DOE OFFICER 1 forcefully gripped Mr. Jones' shoulders and neck;

    b. DOE OFFICER 1 wrapped his arm around Mr. Jones' neck and forcefully yanked Mr. Jones' neck and body down towards the ground;

   c. DOE OFFICERS 1 and 2 forcibly pushed and pulled Mr. Jones down towards the ground;

   d. DOE OFFICER 2 tased Mr. Jones;

   e. DOE OFFICER 2 kneeled on Mr. Jones' upper back and neck area; and

   f. DOE OFFICER 1 placed extremely tight handcuffs on Ms. Jones, which were never adequately loosened upon request.

96. Both prior to and during the time in which Plaintiffs were battered, Plaintiffs did not commit a crime, were not armed with any kind of weapon and posed no reasonable threat of violence to the Defendant Officers, nor to any other individual. When they were targeted, attacked, and forcibly arrested, as described herein, Plaintiffs made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable officer that they had the will or ability to inflict bodily harm against any individual.

97.As a result of their conduct, Defendant Officers are liable for Plaintiffs' injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations.

98. As a result of the above alleged conduct, Plaintiff Ms. Jones suffered serious bodily harm including, but not limited to, serious wrist and hand pain. Moreover, as a result of this conduct, Mr. Jones suffered serious bodily harm including, but not limited to, thigh pain and body aches. Mr. Jones was also placed in great fear of his life and physical well-being. Additionally, due to the wrongful, intentional, and malicious acts of the Defendant Officers, Plaintiffs have suffered and will continue to suffer extreme emotional distress and mental anguish.

99. The aforementioned acts and omissions alleged herein were intended by

each Defendant Officer to cause injury to Plaintiffs, and were done with a conscious disregard for the rights and safety of Plaintiffs, as the acts and omissions were willful, wanton, malicious, and oppressive, thereby justifying the awarding of compensatory and punitive damages against each of the individual defendants in an amount to be determined according to proof at trial.

100.   Defendant CITY is liable under California Government Code Section 815.2(a) for Plaintiffs' injuries proximately caused by the battery committed by its employees, described above.

## NINTH CAUSE OF ACTION

### Violation of the Bane Act – Cal. Civil Code §§ 52 and 52.1

### (Against All Defendants)

101.   Plaintiffs incorporate by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

102.   As alleged herein, Defendants DOES 1 through 10, inclusive, acting in the course and scope of their employment as peace officers for the CITY, intentionally interfered with Plaintiffs' rights under state and federal laws and under the state and federal constitution including, without limitation, their right to be free from unreasonable search and seizure, bodily integrity, free speech/record, due process, including rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution, and rights under Article 1, Sections 1, 7 and/or 13 of the California Constitution, by way of threats, intimidation, and coercion.

103.   As a direct and proximate cause of Defendants' actions and inactions, individually and as a peace officers, Plaintiffs suffered loss of their liberty, as well as physical pain and injuries for which they are entitled to recover damages.

Moreover, due to the foregoing acts of each of these Defendants, Plaintiffs have suffered and will continue to suffer severe mental anguish and emotional distress. As a result of their conduct, Defendant Officers are liable for Plaintiffs' injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations.

104.    Defendant CITY is liable under California Government Code Sections 815.2(a) and 820(a) for Plaintiffs' injuries proximately caused by the Bane Act violation committed by its employees, described above.

105.    The conduct of Defendants, individually, was malicious, wanton, oppressive, and accomplished with conscious disregard for the rights of Mr. and Ms. Jones entitling Plaintiffs to an award of exemplary and punitive damages. Plaintiffs do not seek punitive damages against the CITY.

106.    Plaintiffs seek statutory damages under California Civil Code Section 52.1(i), as well as compensatory and punitive damages according to proof.

## TENTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress –
### Cal. Govt. Code §§ 815.2(a), 820(a)
### (Against All Defendants)

107.    Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

108.    DOE Officers 1 through 10, inclusive, individually and in their official capacities as peace officers for CITY, caused Plaintiffs severe emotional distress by actions and inactions which include, but are not limited to: (1) detaining/ arresting Plaintiffs without reasonable suspicion or probable cause to do so; (2) using excessive and unreasonable physical force upon Mr. Jones, when the same was unnecessary and unjustified; (3) tasing Mr. Jones, when the same was

unnecessary and unjustified; subjecting Ms. Jones to unbearably tight handcuffing; (4) falsifying police reports and fabricating probable cause; (5) retaliating against Plaintiffs for exercising their First Amendment rights to protest and record police activity; (6) searching Plaintiffs without any legal justification; and (7) searching and seizing Ms. Jones' vehicle without any legal justification.

109.   As a direct and proximate cause of Defendants' actions and inactions, individually and as a peace officers, Plaintiffs suffered and continue to suffer severe emotional distress.

110.   As a result of their conduct, Defendant Officers are liable for Plaintiffs' damages, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations.

111.   Defendant CITY is liable under Cal. Govt. Code §§ 815.2(a) and 820(a) for Plaintiffs' injuries proximately caused by the intentional infliction of emotional distress committed by its employees, described above.

112.   In doing the aforementioned acts and omissions, Defendant Officers' intended to harm Plaintiffs, or at minimum acted with a reckless disregard for Plaintiffs' wellbeing. DOE Officers' conduct was outrageous, malicious, and done for the specific purpose of causing Plaintiffs to suffer extreme emotional and physical distress, fear, anxiety, and mental anguish, entitling Plaintiffs to an award of exemplary and punitive damages as to the individual Defendants.

## ELEVENTH CAUSE OF ACTION

### False Arrest & Imprisonment – Cal. Govt. Code §§ 815.2(a), 820(a)

### (Against All Defendants)

113.   Plaintiffs incorporate by reference each and every allegation contained in the

foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

114. Defendant DOES 1 through 10, inclusive, intentionally caused Plaintiffs to be arrested during the subject incident without a warrant or probable cause.

115. As a result, Plaintiffs endured loss of liberty, physical pain and suffering, extreme mental and emotional distress, and other pecuniary losses in an amount not yet ascertained. Defendants' aforesaid conduct was a substantial factor in causing Plaintiffs' harm.

116. The conduct of Defendants, individually, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Mr. and Ms. Jones entitling Plaintiffs to an award of exemplary and punitive damages. Plaintiffs do not seek punitive damages against the CITY.

117. Defendant CITY is liable under Cal. Govt. Code §§ 815.2(a) and 820(a) for Plaintiffs' injuries proximately caused by the false arrest/imprisonment committed by its employees, described above.

## PRAYER

WHEREFORE, PLAINTIFFS request entry of judgment in their favor and against Defendants as follows:

1. For compensatory (or general) damages, including pain and suffering, in an amount exceeding the minimum jurisdictional requirement of this Court according to proof;

2. For special damages according to proof;

3. For punitive damages as provided by federal and state law, in an amount to be proved against each individual Defendant;

4. For prejudgment interest;

5. For attorney's fees pursuant to 42 U.S.C. § 1988 & California Civil Code § 52.1(h);

6. For reasonable costs of this suit incurred herein;

7. For such other and further relief as the Court may deem just, proper and appropriate.


Dated: June 17, 2024                     **PLC LAW GROUP, APC**


                                         _/s/Na'Shaun L. Neal_
                                         Peter L. Carr, IV
                                         Na'Shaun L. Neal
                                         Lauren K. McRae
                                         Attorneys for Plaintiffs, Kyle Jones
                                         and Crystal Jones

# **DEMAND FOR JURY TRIAL**

PLAINTIFFS hereby respectfully demand a trial by jury on all issues and claims.

Dated: June 17, 2024     **PLC LAW GROUP, APC**

            */s/Na'Shaun L. Neal*
            Peter L. Carr, IV
            Na'Shaun L. Neal
            Lauren K. McRae
            Attorneys for Plaintiffs, Kyle Jones
            and Crystal Jones